## CASTON v. CONNELL et al.
### No. 1065.

Court of Appeal of Louisiana. First Circuit.
Dec. 6, 1932.

Laycock & Moyse and C. C. Bird, all of Baton Rouge, for appellant.

Taylor, Porter & Brooks, of Baton Rouge, for appellees.

ELLIOTT, J.

Mrs. Anna Lewis Caston, widow of Edward D. Caston, is the plaintiff in this suit against Wm. P. Connell and Joe Coleman, claiming of them $10,659.50 in solido as damages on account of the death of her husband.

She, alleges that about 3:45 p. m. during the evening of December 10, 1930, her husband, said Edward D. Caston, was walking in a careful and cautious mânner across Government street in the city of Baton Rouge, going from the south to the north side of said street. That while crossing the north side of the street he was struck and killed as the result of impact with a trailer belonging to said Wm. P. Connell and which at the time was attached to and being pulled by a truck which was being driven by Joe Coleman, his employee.

That there is a street car track in the center of the street, and that her husband, after having crossed the north rail of said car track, had been suddenly forced to halt by reason of the approach of an automobile going west on the north side of said street, being driven by Mrs. J. V. Fauver, who stopped her automobile and sounded her horn just about as its left headlight was almost in contact with said deceased. That her husband, having to act quickly in the emergency thus created, stepped or started back, remaining north of the north rail of the said street car track.

That in stepping back the deceased had not seen the truck with trailer attached in any position that was dangerous and threatening to his safety.

That said Coleman was driving said truck at a speed in excess of that allowed by the municipal ordinances of the city of Baton Rouge, and was going in an eastward course along the north side of the north rail of the street car track, which was the wrong side of the street for the said truck to be on, while going in that direction.

She further alleges that said Coleman could and should have seen the dangerous position of her husband and took no precaution to avoid striking him. That her husband lost his life as the result of the gross fault and negligence of said Coleman in driving said truck.

Alternatively and in the event the court finds that the accident was due in any part to the negligence of Mrs. Fauver, she then in that event avers that the said accident was due directly to the negligence, carelessness, and want of due care and skill on the part of said Coleman, and that the said Coleman and said Connell are still liable in solido for all the damages caused her, resulting from the death of her husband.

That should the court find her husband was in any way negligent, which she denies, she then in that event alleges that the defendants are still liable, because said Coleman had the last clear chance of avoiding the accident, by stopping or deflecting the said truck, whereas her husband had no opportunity of placing himself in a position of safety so long as said truck pursued its illegal course.

She alleges in a supplemental petition that the failure of the driver of the aforesaid truck to blow his horn or give any warning sound rendered 'it less likely that the decedent would escape from the accident which occurred.

The answer of the defendants denies the fault, negligence, and fast driving alleged against them by the plaintiff. They allege that the truck was not being driven faster than 15 miles per hour. They admit that the horn on the truck was not sounded, but aver that there was no reason or occasion to do so for the reason that the truck was being driven on the south side of the street, while the decedent, at the time the truck passed him, was seen by the driver to be on the north side of the same, and in no danger from the truck. That when they first observed the decedent he was walking in the center of the street car line, going toward the north side of the street. That at the same time the automobile driven by Mrs. Fauver, on the north side of the street, appeared going west, and as the Fauver automobile came west and the said Caston continued to walk north, the Fauver automo-

bile gradually slowed down and stopped to avoid striking him. That after the front portion of his truck had passed east of the said Caston, the said Caston, for some reason, suddenly jumped and ran backwards without turning or looking around, and in so doing bumped into the trailer of the truck, resulting in his injury and death.

That when said Caston was seen to start backward it was impossible for the driver of the truck to do anything to avoid the accident. That the death of said Caston was brought about by his own negligence.

Alternatively and in case the court finds that they were negligent, they then, in that event, allege that said Caston was also negligent and that his negligence directly contributed to bring about his own death, and that, moreover, the said Caston had the last clear chance to avoid the accident and did not avail himself of it.

There was judgment rejecting plaintiff's demand. The plaintiff has appealed.

The evidence shows that Edward D. Caston was 73 years of age at the time of his death. That Government street runs east and west and is 34 feet and 6 inches, wide from curb to curb. There is a street car track situated in about the center of the street, which is 5 feet and 1½ inches wide.

Mr. Caston was not seen by any witness as he entered on the street, therefore none of the witnesses saw him cross the south side of the street. Joe Coleman, who was driving the truck, and Jack Augustus, Ed Jarrett, and Willie Morris, who were in the truck with him, say that when they first saw Mr. Caston he was in about the center of the street car track, going north across the street.

The evidence shows that defendants' truck was 12 feet, and that the trailer attached to it was 16 feet long, thus making a total length of 28 feet.

That the speed of automobiles on Government street is fixed by the city ordinances at not exceeding 15 miles an hour.

Mrs. Fauver and Miss Deering, her niece, a young lady about 16 years of age at the time and riding in the automobile with her, speak of the speed of defendants' truck as being quite fast, but they would not undertake to say positively that it was over 15 miles an hour.

The testimony of Joe Coleman, Jack Augustus, Ed Jarrett, and Willie Morris, occupants of the truck, is that it was not going faster than 15 miles an hour. We find no evidence that would justify holding that it was going faster than as claimed by defendants.

Mrs. Fauver and Miss Deering testify that their car at the time of the impact was on the north side of the street, going west, and that their right wheel was, at the time, within about 2 feet of the curb.

As this automobile was 5 feet and 4 inches wide, it left a little upwards of 7 feet space between the south side of their automobile and the north side of the north rail of the street car tracks. They further testify that at the time of the impact between Mr. Caston and the truck, the truck was on the north side of the north rail of the street car track and passed within about 4 feet of their automobile, and their answers justify the inference that they were not sure that Mr. Caston would have been out of danger from the truck if he had stepped back but 2 feet. That as their automobile went forward they saw Mr. Caston coming across the street on the north side, slowly, and as he did not seem to notice their car, they slowed down, and when their car came close to him, they say he was right at their left fender, right at their left headlight, right at their bumper, that they suddenly stopped, without striking him, and sounded the horn on their car, which was apparently the first notice he had that he was close to and about to be struck by their automobile. That upon seeing their automobile and hearing their horn he suddenly stepped back a step or two, upon which the impact took place between him and the trailer drawn by defendants' truck. That the northeast corner of the trailer struck him as it passed, and as a result he was pitched forward, falling almost behind their car.

Mrs. Fauver and her niece also say that the truck did not stop at once, but went on until it parked on the right side of the street going east. The record contains evidence showing that the truck, when noticed after the accident, was parked on the right-hand side of the street, diagonally to the street and from 60 to 80 feet distant from the place where Mr. Caston had fallen as a result of having been struck.

The evidence shows that the stopping of the Fauver automobile, the sounding of its horn, stepping back of Mr. Caston, and his impact with the trailer, all took place so quick and so close together that the space of time between these acts could hardly be distinguished.

It follows from this that it was easy for these ladies to have been mistaken in some of their important statements of fact, because they did not have sufficient time to accurately observe locations nor distances, etc.

We are satisfied that they are mistaken, because if what they say is correct about the slow movement and slowing down to a stop or their own automobile when he was right at the left front headlight on their

car, their car within 2 feet of the north side of the curb, the distance he suddenly stepped back, no allowance is made for the head of defendants' truck passing the instant before.

The truck was traveling east about 15 miles an hour, or say 22 feet a second; therefore if the truck passed within about 4 feet of their automobile, it follows, due to the width of the street and the street car track in its center, that Mr. Caston must have been right in front of the head of the truck as it came opposite to and passed the head of their automobile, and he would have been hit by the front end of the truck, before he had time to get so close to the front end of their automobile. No other conclusion seems reasonable under their testimony.

Turning to the testimony of Joe Coleman, the driver of the Connell truck, and that of Jack Augustus, Ed Jarrett, and Willie Morris, the parties riding in the truck, but mainly that of Coleman, the truck was not on the north side of the street, it was on the south side of the street car tracks, and as the forward end of their truck came opposite to and passed Mr. Caston, he was, at the time, on the street car tracks, going north, entirely beyond the reach of their truck; that they saw him walking in a course which intercepted the on-coming Fauver automobile, going west, saw the Fauver automobile gradually stop, heard its horn, then saw Mr. Caston suddenly step backward, and almost simultaneously heard the impact between him and the trailer which their truck was pulling. The conclusion we arrive at is that Mrs. Fauver was driving further from the curb and closer to the north rail of the street car track than she supposed she was, and that Mr. Caston, instead of making two steps, must have made, say, three or more before he impacted with the trailer.

█ There is some difference between Mrs. Fauver and her niece and the driver and occupants of the truck, as to the place where Mr. Caston fell after being struck; but we do not find it necessary to express an opinion as to that matter, because the burden of proof is on the plaintiff to show fault and negligence in the defendants, resulting in the death of her husband, and the evidence does not satisfy us that such was the case. We are satisfied that after the danger resulting from Mr. Caston's backward movement was discovered by Mr. Connell's driver, there was no time nor opportunity for the truck to be stopped or deflected or for anything to be done to avoid the accident.

█ Plaintiff argues that defendants' truck did not stop after the accident until it had gone from 60 to 80 feet, and then it cut across the street and parked in a diagonal position on the right-hand side of the street, going east. This matter has received our consideration. Coleman says he did stop within about 10 feet after the impact, and then afterwards started up and parked on the side of the street. His evidence is not, in our opinion, successfully refuted on this subject.

Plaintiff claims that defendant had the last clear chance, but this position, in our opinion, is not sustained by the evidence.

Plaintiff urges on us as a guide for the determination of the present case a number of authorities quoted from Huddy on Automobiles, Corpus Juris, decisions of the Supreme Court, and of this court and other courts. In this case Mr. Caston was not shown to have crossed Government street. He was seen walking on the street car tracks in about the center of the street by Joe Coleman, the driver, and the other occupants of the Connell truck, going north, while the truck was going east. The forward part of the truck had gone beyond him, and he was apparently, to the driver of the truck, in no danger from the truck; but suddenly, and unexpectedly to the driver, he stepped back so far that he impacted with the trailer, without the driver having any chance to stop or deflect his truck or do anything to save him from the impact. As the evidence fails to show that the truck was being driven on the wrong side of the street, or at a speed in excess of that provided by the municipal ordinance, or that the driver had any reason to apprehend that Mr. Caston might step back across the street car track, a distance of over 5 feet, impacting with the trailer, we hold that it is not shown that the defendant was at fault as a cause of the accident, nor that the accident came about as the result of the negligence of the truck driver. Nor has it been made to appear that the truck driver had a chance to avoid the accident and did not. Such being the showing in the present case, the defendants cannot be held responsible.

A further discussion of the contentions of the parties plaintiff and defendants would not serve any useful purpose.

For these reasons it seems to us that the judgment appealed from is correct, and it must therefore be affirmed.

Judgment affirmed. Plaintiff and appellant to pay the cost in both courts.